Pearlstein, Appellant, *v.* Philadelphia Transportation Company.

Argued April 21, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Max Meshon,* for appellants.

*Harry A. Takiff,* with him *Martin Greitzer,* and *Takiff & Bolger,* for appellee.

OPINION BY MR. JUSTICE BELL, June 29, 1960:

Plaintiffs brought an action in trespass for damages for personal injuries suffered by them while they were on a bus belonging to defendant and were suddenly assaulted by one Edward Newsome another passenger on this bus. The alleged negligence of the defendant was the failure of its bus driver to take adequate precautions to protect the safety of the passengers after he became aware or should have become aware of the criminal actions of Newsome.

On March 3, 1956 at about 9:00 a.m. Newsome boarded defendant's bus at 24th and Columbia Avenue. Newsome had been a patient at the Pennsylvania State Hospital at Byberry since June 30, 1953, but on February 25, 1956 had been granted a thirty-day leave to return to his home. There was nothing in the appearance of Newsome or in his behavior when he boarded the bus to attract any specific attention to him, nor was there anything to forewarn the bus driver of his subsequent belligerent behavior. The bus continued on its regular course. Newsome for no justifiable cause assaulted the four plaintiffs who were seated in the rear portion of the bus. While the evidence was conflicting, defendant's evidence showed that the bus driver had no knowledge of the assaults by Newsome until the bus was several car lengths from 25th Street, at which time the driver brought the bus to a stop. There was no outcry by plaintiffs or by any of the passengers until the last plaintiff was assaulted. Defendant's testimony was supported by the testimony of disinterested passengers and by signed statements given by three of the plaintiffs, Kinzer, Anderson and Jones, within a month after the assault. Defendant's evidence showed that the bus driver exercised all the care that the law required of him under the circumstances. The record indicates that the weight and preponderance of the evidence was strongly in favor of the defendant.

After a trial which lasted nearly 6 days the jury returned a verdict in favor of defendant. Plaintiffs' motions for a new trial were dismissed by the Court en banc and from the judgment entered on the verdict plaintiffs took this appeal.

Plaintiffs allege as grounds for a new trial: (1) An analogy used by the trial Judge in his charge was prejudicial; (2) a juror took some notes during the trial but appellant, instead of moving for the withdrawal of a juror before the jury's verdict was rendered, made no objection until after the jury's verdict; (3) the lower Court committed reversible error in charging the jury on the subject of contributory negligence in spite of the fact that he told the jury that there was no contributory negligence in the instant case; (4) the lower Court erred in failing to affirm a point for charge on the subject of the due care which defendant owed its passengers when the Court had fully and accurately covered that subject in its charge, and the point while abstractly correct was inapplicable to the facts in the instant case; and (5) counsel for defendant referred to a juror by name after the juror had asked a question which counsel attempted to answer in his argument to the jury.

Plaintiffs did not request the withdrawal of a juror or a continuance because of any alleged prejudicial error, and the Court's charge considered as a whole was undoubtedly favorable to plaintiffs.

We have carefully considered all of plaintiffs' contentions in the light of the record and of all pertinent principles of law. It will suffice to say that we find (1) no merit in any of plaintiffs' contentions and (2) no reversible error.

Judgment affirmed.

Mr. Justice MUSMANNO and Mr. Justice COHEN dissent.